UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN JANAKIEVSKI,

                      Petitioner,

  -vs-                              **DECISION AND ORDER**
                                         **No. 6:14-cv-06168-MAT**

EXECUTIVE DIRECTOR, ROCHESTER
PSYCHIATRIC CENTER,

                      Respondent.

---

## I. Introduction

On April 8, 2014, Steven Janakievski ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his involuntary civil commitment in Respondent's custody. For the reasons discussed below, the petition is dismissed as moot.

## II. Factual Background and Procedural History

At the time Petitioner filed the instant habeas petition, he was confined in the Rochester Psychiatric Center, a non-secure facility operated by the New York State Office of Mental Health ("OMH"). Petitioner was subject to a temporary retention order issued by New York State, Monroe County Court (Keenan, J.), following Petitioner's plea, on December 23, 2008, of not responsible by reason of mental disease or defect to one charge of first-degree assault. In the interim between his plea and filing

the petition, the County Court issued an initial commitment order dated April 2, 2009; a subsequent retention order dated October 19, 2010; a letter order dated December 31, 2010, modifying the expiration date of the October 19, 2010 order; and a subsequent retention order dated August 6, 2012. The petition, which raised more than twenty grounds for relief, challenged all of the foregoing retention orders.

After Respondent filed a response (Docket No. 15) to the petition, Petitioner sought an evidentiary hearing (Docket No. 19) and a filed motion to grant an expedited hearing (Docket No. 21). Respondent opposed both applications (Docket Nos. 25 & 26).

On July 6, 2015, the Court issued a decision and order (Docket No. 28) denying Petitioner's request for an evidentiary hearing and an expedited disposition of the petition. The Court also noted that, at the time the petition was filed in 2014, OMH's application for a continued retention order was pending in Monroe County Court. In view of the pendency of the state court proceedings, the Court determined that abstention under Younger v. Harris, 401 U.S. 37, 43-44 (1971), was appropriate. Accordingly, the Court stayed the petition pending completion of the retention proceedings and any subsequent appellate review of the County Court's decision.

Petitioner filed a notice of interlocutory appeal (Docket No. 30) with the United States Court of Appeals for the Second Circuit, which was denied (Docket No. 33).

On July 16, 2018, Petitioner moved to lift the stay and reopen the case (Docket No. 34). In support of the motion, Petitioner supplied a copy of the June 18, 2018 order issued by Monroe County Court Judge Vincent M. Dinolfo granting his application for a conditional release order pursuant to New York Criminal Procedure Law § 330.20(12), and authorizing OMH to release him from inpatient treatment.

On July 20, 2018, Respondent filed an affidavit (Docket No. 35) indicating it had no objection to lifting the stay. Respondent reiterated its position that Petitioner's habeas claims, based on retention orders that have expired, are moot. Respondent further objected to any suggestion that Petitioner could litigate his custody beyond the claims originally pleaded in the petition, which challenge the 2010 and 2012 retention orders.

Petitioner did not file a reply to Respondent's affidavit.

On September 25, 2018, the Court granted Petitioner's motion to lift the stay and reopen the case (Docket No. 37). The Court indicated that no further briefing was required and that a decision could be rendered on the papers submitted.

### III. Subject Matter Jurisdiction

Petitioner instituted this proceeding pursuant to 28 U.S.C. § 2254, which provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted). Thus, filing a § 2254 petition for a writ of habeas corpus, "after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a psychiatric institution." Hunter v. Gipson, 534 F. Supp.2d 395, 398 (W.D.N.Y. 2008) (citing Buthy v. Commissioner of Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051 (2d Cir. 1987); other citations omitted).

The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that it exists. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) (citations omitted). "Mootness is a jurisdictional matter relating to the [U.S. Constitution's] Article requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). A case is moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Id. at 551 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "When this occurs, the Constitution's case or

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted). Thus, filing a § 2254 petition for a writ of habeas corpus, "after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a psychiatric institution." Hunter v. Gipson, 534 F. Supp.2d 395, 398 (W.D.N.Y. 2008) (citing Buthy v. Commissioner of Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051 (2d Cir. 1987); other citations omitted).

The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that it exists. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) (citations omitted). "Mootness is a jurisdictional matter relating to the [U.S. Constitution's] Article requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). A case is moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Id. at 551 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "When this occurs, the Constitution's case or

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted). Thus, filing a § 2254 petition for a writ of habeas corpus, "after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a psychiatric institution." Hunter v. Gipson, 534 F. Supp.2d 395, 398 (W.D.N.Y. 2008) (citing Buthy v. Commissioner of Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051 (2d Cir. 1987); other citations omitted).

The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that it exists. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) (citations omitted). "Mootness is a jurisdictional matter relating to the [U.S. Constitution's] Article requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). A case is moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Id. at 551 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "When this occurs, the Constitution's case or

controversy requirement is not satisfied and a federal court lacks subject matter jurisdiction over the action." Meyers v. Williams, No. 10-CV-620 CBA LB, 2011 WL 721647, at *2 (E.D.N.Y. Feb. 22, 2011) (citing Blackwelder, 866 F.2d at 550; Jefferson v. Abrams,747 F.2d 94, 96 (2d Cir. 1984)).

**IV. Discussion**

The Court must determine whether there remains a live case or controversy now that Petitioner is no longer subject to an involuntary retention order.

Where a habeas petitioner challenges a state criminal conviction but is subsequently released from custody, courts generally are willing to presume the continuing existence of collateral consequences from the criminal conviction, such that the petition will not necessarily be moot. See Spencer v. Kemna, 523 U.S. 1, 8 (1998) (describing its precedents as being "willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)"); see also Nowakowski v. New York, 835 F.3d 210, 227 (2d Cir. 2016) (discussing Spencer). However, where a habeas petitioner challenges an involuntary civil commitment, as opposed to a criminal conviction, there is no such presumption. See Spencer, 523 U.S. at 12-13 (declining to extend the presumption of collateral consequences outside the context of criminal convictions).

Accordingly, a petitioner's release from involuntary commitment will moot his petition unless he affirmatively demonstrates a collateral consequence of that commitment from which the court may grant relief. See id. at 14; see also United States v. Mercurris, 192 F.3d 290, 294 (2d Cir. 1999) ("There being no presumption of collateral consequences, [the defendant] must bear the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy.") (quoting Spencer, 523 U.S. at 7, 14); citation omitted)).

Petitioner is no longer subject to any of the orders that he seeks to challenge in his habeas petition. Not only have all of these order expired, he has been released from inpatient treatment in OMH's custody pursuant to the conditional order of release issued by Monroe County Court on June 18, 2018. Because this Court cannot release Petitioner from OMH's custody, there is no "actual injury which is likely to be redressed by a favorable decision," Mercurris, 192 F.3d at 293, and thus sufficient to satisfy Article III's "case or controversy" requirement. Therefore, the petition is moot. See, e.g., Nyenekor v. New York, No. 09 CIV. 8719 DAB, 2014 WL 785690, at *9 (S.D.N.Y. Feb. 25, 2014) (federal habeas petition mooted by petitioner's release from the custody of OMH) (citing Hunter, 534 F. Supp.2d at 399 (petitioner's federal habeas challenge to a state court order confining him for competency evaluation in the context of a state criminal prosecution was

mooted by his release from such confinement and the termination of the state criminal proceeding)); Best v. Barbarotta, No. 12-CV-6218(NGG), 2016 WL 1588501, at *3 (E.D.N.Y. Apr. 19, 2016) (habeas claim moot and must be dismissed for lack of subject matter jurisdiction where petitioner released from involuntary civil commitment).

**V. Conclusion**

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus filed by Steven Janakievski. Because there has not been a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

                                    **S/ Michael A. Telesca**

                              HON. MICHAEL A. TELESCA
                              United States District Judge

Dated:    September 28, 2018
           Rochester, New York.